UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON HOLBROOK, | : CIVIL ACTION NO. 3:CV-05-0529 |
| Petitioner | : (Judge Nealon) |
| v. | : |
| PENNSYLVANIA BOARD OF., PROBATION AND PAROLE, et al., | : |
| Respondents | : |

FILED
SCRANTON
FEB 1 6 2006
PER _____ DEPUTY CLERK

## MEMORANDUM AND ORDER

Presently before the court is a petition for writ of habeas corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2254, by Aaron Holbrook ("Holbrook"), an inmate presently confined in the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania. Holbrook challenges the denial of his parole by the Pennsylvania Board of Probation and Parole ("the Board"). The petition is ripe for consideration, and, for the reasons that follow, the Court will deny the petition.

### Background

On April 3, 1996, Holbrook was convicted of Rape, Involuntary Deviate Sexual Intercourse and Aggravated Assault, in the Court of Common Pleas for Philadelphia County. (Doc. 15, Ex. A, Sentence Summary). He was sentenced to a term of incarceration of six and one half to twenty-five years. Id. He served his minimum sentence, which expired on June 23, 2002 and his maximum sentence presently expires on December 23, 2020. Id.

On September 10, 2002, following an interview, the Pennsylvania Board

of Probation and Parole ("Board"), in the exercise of its discretion, notified Holbrook, that "the fair administration of justice cannot be achieved through your release on parole" and set his next parole review in or after August, 2004. (Doc. 15, Ex. B, Notice of Board Decision). The Board stated that in the next review, it would consider: (1) whether Holbrook participated in/successfully completed a treatment program for: sex offenders and mental health problems; (2) whether Holbrook maintained a favorable recommendation for parole from the Department of Corrections; and (3) whether he maintained a clear conduct record and completed the Department of Corrections prescriptive programs. Id.

On August 24, 2004, the Board conducted a second parole review. (Doc. 15, Ex. C, Notice of Board Decision). The decision was to deny Holbrook parole. The Board's reasons to deny parole included (1) Holbrook's version of the nature and circumstances of the offenses committed; (2) the recommendation made by the Department of Corrections; and (3) Holbrook's need to participate in additional institutional programs. Id. Holbrook's next parole review was set for February, 2006, or later. The Board advised Holbrook that in the next review, it would consider: (1) whether Holbrook participated in a treatment program for sex offenders; (2) whether he had maintained a favorable recommendation for parole from the Department of Corrections; and (3) whether he maintained a clear conduct record and completed the Department of Corrections' prescriptive programs. Id. The Board also directed that a Sexual Offenders Assessment Board ("SOAB") evaluation be available at the time of Holbrook's next review. Id.

Although vague in details, Holbrook states that he challenged the Board's August, 2004 decision, by filing a petition for review with the Pennsylvania Commonwealth Court, which was denied. See Holbrook v. Pennsylvania Board of Probation and Parole, No. 822 M.D. 2004. (Doc. 1, petition at p. 4, ¶¶ 11(a), 11(d)).

On March 14, 2005, Holbrook filed the instant petition in which he challenges the Board's adverse decisions on its review of his parole. He raises the following ground for relief: The Pennsylvania Board of Probation and Parole considered improper and impermissible factors and has failed to perform its mandatory duty under law. (Doc. 1, petition, p. 5, ¶ 12(a)). Specifically, Holbrook "contends that the Pennsylvania Board of Probation and Parole violated the Due Process, by changing standards in the middle of the petitioner's sentence, disadvantaging the petitioner" and "violating petitioner's constitutional rights of the United States and Pennsylvania Constitution." Id. Thus, he concludes that Board "has disadvantaged the Petitioner with applying the provisions of the 1996 current policies," in violation of the Ex Post Facto Clause. Id.

**Discussion**

### A. Exhaustion of State Court Remedies

Generally, a habeas petitioner must show that the federal constitutional claims asserted in the federal habeas petition have been "fairly presented" to the sate courts, or that circumstances exist rendering the available state court process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b). Recently, in

DeFoy v. McCullough, 393 F.3d 439, 444 (3d Cir. 2005), it was held that "an action for mandamus remains viable as a means for examining whether statutory requirements have been altered in a manner that violates the ex post facto clause." DeFoy, 393 F.3d 439, 444 (3d Cir. 2005), quoting Coady v. Vaughn, 770 A.2d 287, 290 (2001). Following DeFoy, the Pennsylvania Supreme Court decided the case of Cimaszewski v. Bd. of Prob. & Parole, ___ Pa. ___, 868 A.2d 416, 427 (2005), wherein it was recognized that an ex post facto claim may arise from the application of the 1996 amendments to an applicant convicted prior to the enactment of the amendments if it can be shown that the amendments "create [] a significant risk of prolonging his incarceration." These recent developments indicate that there are state court remedies available to raise an ex post facto claim such that exhaustion should not be excused.

In the instant action, Holbrook acknowledges that he challenged his 2004 parole denial by filing a petition for review with the Commonwealth Court of Pennsylvania. (Doc. No. 1). Holbrook, however, failed to seek appellate review of the denial of his Commonwealth Court petition, despite the fact that he possessed a right of direct appeal. See 42 Pa.C.S. § 723(a). Thus, it is apparent that Petitioner has failed to exhaust his state court remedies. See 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842-45 (1999). Notwithstanding the failure to exhaust, the Court will consider the petition as the claims raised in the petition

are clearly without merit.[1] See 28 U.S.C. § 2254(b)(2)( a federal court can deny a habeas petition "on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

### B. The Merits of Holbrook's Ex Post Facto Claim

Holbrook challenges the denial of his parole solely on the basis that the Board violated the Ex Post Facto Clause of the United States Constitution by applying the 1996 amendment to 61 Pa.Stat. §331.1, the statute governing parole standards.

"The Ex Post Facto clause of the United States Constitution [which "forbids the enactment of any law which imposes a punishment for an act 'which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed"] applies to a statutory or policy change that 'alters the definition of criminal conduct or increases the penalty by which a crime is punishable.'" Mickens-Thomas v. Vaughn, 321 F.3d 374, 383 (3d Cir. 2003). Ex Post Facto restrictions apply to parole matters. See Garner v. Jones, 529 U.S. 244, 250-255 (2000).

---

[1] Recently, the Supreme Curt ruled that an ex post facto claim of the nature presented here may be pursued in an action under 42 U.S.C. § 1983. Wilkinson v. Dotson, — U.S. —, 2005 WL 516415 (2005). There is no need to exhaust state court remedies before filing a § 1983 action. Although Justice Scalia, in a concurring opinion in which Justice Thomas joined, suggested that habeas corpus would not be available to pursue such a claim, the majority ruling did not resolve this issue. Whether habeas corpus relief is or is not available with respect to the claims advanced by Holbrook is not presently before this Court. In any event, the issue is academic because the underlying claims lack merit whether brought in habeas or under § 1983.

At the time of Holbrook's conviction the applicable parole statute read as follows:

> The value of parole as a disciplinary and corrective influence and process is hereby recognized, and it is declared to be the public policy of this Commonwealth that persons subject or sentenced to imprisonment for crime shall, on release therefrom, be subjected to a period of parole during which their rehabilitation, adjustment and restoration to social and economic life and activities shall be aided and facilitated by guidance and supervision under a competent and efficient parole administration, and to that end it is the intent of this act to create a uniform and exclusive system for the administration of parole in this Commonwealth.

61 Pa. Stat. § 331.1 (pre-1996). In December, 1996, the statute was amended by the Pennsylvania legislature. It now reads as follows:

> The parole system provides several benefits to the criminal justice system, including the provision of adequate supervision of the offender while protecting the public, the opportunity for the offender to become a useful member of society and the diversion of appropriate offenders from prison.
>
> In providing these benefits to the criminal justice system, the board shall first and foremost seek to protect the safety of the public. In addition to this goal, the board shall address input by crime victims and assist in the fair administration of justice by ensuring the custody, control and treatment of paroled offenders.

61 P.S. § 331.1 (Purdon's 1999).

Whether the amended statute violates the Ex Post Facto clause has been presented to the United States Court of Appeals for the Third Circuit, and answered in the affirmative. Mickens-Thomas, 321 F.3d 374. The Court found that there

was "significant evidence that [the Board] acted upon policies that were established after [the petitioner]'s crime and conviction[,]"and "to retroactively apply changes in the parole laws made after conviction for a life sentence in Pennsylvania that adversely affect the release of prisoners whose sentences have been commuted, violates that Ex Post Facto clause." Id. at 393. Of substantial concern to the Third Circuit Court of Appeals was the fact that the evidence demonstrated that the Board interpreted the amended statute to "mandate foremost the consideration of public safety." Id. at 391. "The Board mistakenly construed the 1996 statutory change to signify a substantive change in its parole function." Id. Notwithstanding this conclusion, the Third Circuit also acknowledged a recent decision of the Pennsylvania Supreme Court, Winklespecht v. Pa. Bd. of Prob. & Parole, 571 Pa. 685, 813 A.2d 688 (2002), which concluded that the amended § 331.1 did not constitute binding language requiring the Board to place the greatest weight on considerations of public safety. Id. However, the Court of Appeals concluded that the Winklespecht decision, "made *after* the Board's actions on Thomas's parole, came too late to alter the Board's view of the statutory amendment on the outcome of the case." Id. (emphasis in original.)

In Mickens-Thomas, as well as in other rulings issued by the Third Circuit, the appropriate remedy for an Ex Post Facto violation has been to remand the matter to the Board for reconsideration, applying the pre-1996 law. Hart v. Pa. Bd. of Prob. & Parole, 2003 WL 22838381 (3d Cir. Nov. 23, 2003); see also McLaurin v. Larkins, 2003 WL 22147497 (3d Cir. Sept. 18, 2003); Hollawell v.

Gillis, 65 Fed. Appx. 809, 2003 WL 1919371, at *8 (3d Cir. April 23, 2003). However, the class of individuals entitled to such relief is very narrow. Except for individuals whose parole decisions were made after adoption of the 1996 changes, and before Winklespecht clarified the fact that the amendment did not change the administration of the policies, it is presumed that parole reviews are made with the understanding that the 1996 amendments did not change the analysis used in the parole proceedings.

In this case, we need address the Ex Post Facto challenge only as it relates to the most recent parole denial of August 24, 2004. See Johnson v. Lavan, 2004 WL 1622051 (E.D.) (adopting magistrate judge's report at 2004 WL 1291973, page cite at *4 n.4); Schaeffer v. Pa. Bd. of Probation & Parole, Civil No. 3:CV-04-1159, slip op. at 5 (M.D. Pa. Oct. 26, 2004)(Munley, J.)(finding that although Petitioner challenged seven denials of parole, the challenges to the first six denials were rendered moot by the fact that subsequent parole hearings were conducted). As noted above, Holbrook was reviewed for parole on August 24, 2004, well after the Board had the benefit of Winklespecht decision. Thus, the Board was aware that it should not "demonstrate a marked added weight on public safety concerns." Mickens-Thomas, 321 F.2d at 391. Holbrook's parole was denied for the following reasons: Holbrook's version of the nature and circumstances of the offenses committed; the recommendation made by the department of corrections; and Holbrook's need to participate in additional institutional programs. (Doc. 15, Ex. C). The Parole Board not only stated that it took the required factors into account,

but also noted the specific reasons why Holbrook was denied parole. This demonstrates that the Board employed the practice of enumerating factors and reasons for the parole denial in line with the pre-1996 requirements of the Act as required by Winklespecht, rather than simply citing the public safety factor. There is no indication that the Board placed unnecessary weight on the issue of public safety. Thus, it is concluded that there is no violation of the Ex Post Facto clause.

Moreover, "[t]here is no constitutional right or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458, 464 (1981)(quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979)). While "States may under certain circumstances create liberty interests which are protected by the Due Process Clause," Sandin v. Conner, 515 U.S. 472, 483-84 (1995), the Pennsylvania Supreme Court has long held that "a denial of parole does not implicate a constitutionally protected liberty interest." Coady v. Vaughn, 564 Pa. 604, 770 A.2d 287, 291 (Pa. 2001); see also Rogers v. Pa. Bd. of Prob. & Parole, 555 Pa. 285, 724 A.2d 319, 322-23 (Pa. 1999)(affirming Parole Board's discretion to grant or deny parole because "parole is a matter of grace and mercy shown to a prisoner who has demonstrated to the Parole Board's satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence"). Consequently, the petition for writ of habeas corpus will be denied.

An appropriate Order follows.

DATE: February 16, 2006                                s/ William J. Nealon
                                                       **United States District Judge**

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON HOLBROOK, : | CIVIL ACTION NO. 3:CV-05-0529 |
| Petitioner : | (Judge Nealon) |
| v. : | |
| PENNSYLVANIA BOARD OF., : PROBATION AND PAROLE, et al., : | |
| Respondents : | |

## ORDER

**NOW, THIS 16th DAY OF FEBRUARY, 2006,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for a writ of habeas corpus is **DENIED**.

2. The Clerk of Court shall **CLOSE** this case.

3. There is no basis for the issuance of a certificate of appealability

s/ William J. Nealon
**United States District Judge**